### HUNTER *v.* STENDER.

(*Supreme Court, General Term, Third Department.* May 26, 1890.)

PLEADING—BILL OF PARTICULARS—ACTION ON ACCOUNT.

　　A complaint alleged that plaintiff, between certain dates, rendered defendant's testator services and advanced him money, in all of the value of $2,000; that they adjusted their accounts at $2,000, and agreed that the same should be payable at testator's death, and that he would make testamentary provision to that effect; and that testator died without having paid or made provision for the payment of said sum. *Held* that, as the complaint stated a cause of action on an account, as well as on the account stated and promise of testamentary provision, plaintiff would be required to furnish the items of her account.

Appeal from special term, Albany county.

Action by Margaret J. Hunter against Emma F. Stender, executrix, etc., of Smith Quackenbush, deceased. A motion to require plaintiff to furnish a bill of particulars was denied, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*De Witt & Spoor,* for appellant. *N. C. Moak,* for respondent.

LANDON, J. The complaint alleges that the plaintiff from September 1, 1879, to July 6, 1881, rendered the testator services and advanced him money, in all of the value of $2,000; that on that day she and the testator adjusted the accounts between them at $2,000, and agreed that the same should be payable at his death, and that he would make provision to that effect in his will; that the testator did make provision to that effect in his will, but by a subsequent will revoked it, and died in 1887 without having paid, or having made provision for the payment of, the said sum. The answer puts in issue the rendition of services, the loan of money, the accounting and promise, and the making of any will making provision for plaintiff; pleads payment, and the statute of limitations. The complaint is framed in a double aspect,—to recover either upon the account, or upon the account stated, and the promise to provide for payment of the amount by will. Under the first aspect of the complaint, we think it reasonable that the plaintiff should furnish the items of her account. The plaintiff's contention that the action is not upon the account, but upon the account stated, and promise of testamentary provision for its payment, may prove to be true upon the trial; but, as the com-

plaint is framed, the action upon the account seems to be sufficiently stated. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

---

MARVIN v, TOWN, Receiver of Taxes, et al.

(Supreme Court, General Term, Third Department. May 26, 1890.)

**1.** MUNICIPAL CORPORATIONS—SEWER ASSESSMENTS—DESCRIPTION OF PROPERTY.
Under Laws N. Y. 1887, c. 136, § 72, authorizing the trustees of the village of Saratoga Springs to assess the cost of constructing sewers "upon the property adjoining and along the line of the same, and such other property as the board may deem to be benefited thereby, or may at any time enjoy the use thereof," an assessment for a sewer against plaintiff in person, where neither the list nor the warrant purports to be a proceeding *in rem*, or makes any mention of land, but merely locates plaintiff on a particular street, and described the tax as "benefits," is a personal assessment, and not a compliance with the statute, and therefore void.

**2.** SAME—VOID ASSESSMENT—ACTION TO ENJOIN SALE.
Under Laws N. Y. 1880, c. 68, § 8, making a deed executed by the receiver of taxes "presumptive evidence that the sale, and all proceedings prior thereto," were regular, and authorizing any person interested in property on which an assessment has been made to bring an action to restrain a sale, an action may be brought to set aside an assessment, and enjoin a sale thereunder, though the assessment is void, as a sale thereunder would create a cloud on plaintiff's title, and could be impeached only by proof *aliunde* the record.

**8.** SAME—OBJECTIONS WAIVED.
The right to maintain such an action is not waived by plaintiff appearing before the board of trustees on grievance day, and objecting to the amount of the assessment. Distinguishing *Hilton v. Fonda*, 86 N. Y. 339.

Appeal from special term, Saratoga county.

Action by James M. Marvin against Byron J. Town, receiver of taxes for the town and village of Saratoga Springs, and the village of Saratoga Springs. There was judgment for plaintiff, and defendants appeal.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edgar T. Brackett,* for appellants.   *Charles S. Lester,* for respondent.

MAYHAM, J.   This action was brought by the plaintiff, who was a resident of the village of Saratoga Springs, to set aside an assessment levied by the trustees of the village to pay for the construction of a sewer known as "Church-Street Sewer," in said village, and to enjoin the defendants from selling the property of the plaintiff, described in the complaint, to pay such assessment. The complaint set out alleged illegalities and irregularities in making the assessment, and in the acts of the tax receiver in proceeding to sell.   The defendants answer separately; the village alleging its power and authority to construct the sewer, and to assess the benefits on adjacent lands, and alleging, among other things, that the plaintiff appeared before the board of trustees on the day for hearing grievances, and only objected to the amount of the assessment, and that the same was subsequently reduced.   The answer also denied some of the allegations of the complaint.   The defendant Byron J. Town, the tax receiver, answered separately, alleging that he was acting under the authority of the warrant issued by the board of trustees, and in a general way alleging the duty of the board of trustees to make the assessment, and issue their warrant, and his duty to collect the amount of the same, and alleging the proceedings by him in pursuance to that duty.   On the trial the learned judge held that the assessment by the trustees was a personal tax; that no real estate was charged by such assessment roll; that the real estate of the plaintiff, not being described in the assessment roll, was not charged by the assessment; that such assessment was unauthorized, illegal, and void as against the plaintiff, and that the warrant issued thereon was unauthorized and void, and conferred no right upon the receiver of taxes, described in his advertisement of sale; that the receiver of taxes had no authority, under said assessment and warrant, to describe and sell the lands of the plaintiff; that